IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID HARRIS, on behalf of himself and a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PIONEER CREDIT RECOVERY, INC.,<br><br>Defendant. | Case No. FILED: AUGUST 12, 2008<br>08CV4574<br><br>Judge: JUDGE GUZMAN<br>MAGISTRATE JUDGE ASHMAN<br>NF<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Now comes Plaintiff, DAVID HARRIS, on behalf of himself and a Class of others similarly situated, and for his complaint against Defendant PIONEER CREDIT RECOVERY, INC. ("PCR"), states as follows:

### Introduction

1. This is an action pursuant to state and federal law, including the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff seeks to recover damages and statutory penalties from PCR due to its pattern and practice of illegal and harassing conduct in attempting to collect debts.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1332, 1367 as this case involves claims under the FDCPA.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the Defendant may be found here and a substantial part of the conduct giving rise to the claims occurred here.

**Parties and Other Entities**

4. Named Plaintiff, DAVID HARRIS, is a citizen of Illinois, residing in Chicago, Illinois. He is professional debt collector with 10 years' experience in the industry, currently serving in the Judgment Enforcement division of a law firm in Illinois. As such, he is experienced in and knowledgeable about the rules, as well as the professional and industry standards, governing a wide range of professional debt collection activities. He is also personally experienced in collecting numerous categories of debt including: credit card debt, automobile financing debt, medical debt, municipal debt and mortgages. He has worked extensively with pre- and post-charge off collections, pre- and post-judgment collections and enforcement, purchase and contingency collections, original creditor and third party collections, and is experienced in the management of debt collection companies and collection law firms. He is also knowledgeable of the legal process at the Administrative Court, Circuit Court and District Court levels.

5. Defendant PIONEER CREDIT RECOVERY, INC. is a debt collection company covering a variety of debt including, *inter alia*, student loan debt for the United States Department of Education. PCR is a New York corporation with its principal place of business in Arcade, New York. PCR is a wholly owned subsidiary of SLM Corporation, commonly known as Sallie Mae.

6. SLM Corporation is a Virginia Corporation with its principal place of business in Reston, Virginia. SLM Corporation is a holding company that operates through a number of subsidiaries. SLM Corporation is in the business of, *inter alia*, originating and holding student loans by providing funding, delivery and servicing support for education loans in the United States.

7. The United States Department of Education ("ED") is a Cabinet-level department of the United States government with its principal place of business in Washington, D.C. The primary function of ED, *inter alia*, is to formulate federal funding programs involving education. Plaintiff HARRIS is a former student who received an ED student loan.

### Facts Relating to the Named Plaintiff

8. On or about July 25, 2007, Plaintiff HARRIS received a call from PCR to his place of employment (POE) telephone number at approximately 4:00 p.m. from a debt collector who identified herself as Amy Bernstein from PCR collecting an ED student loan debt.

9. In addition to discussing his debt, Plaintiff HARRIS asked that PCR cease contacting him at his POE due to his employer prohibiting such communication. Plaintiff HARRIS provided Ms. Bernstein with an alternate telephone number for future contact. Ms. Bernstein assured Plaintiff HARRIS that she would remove his POE telephone number from his PCR account and replace it with the alternate telephone number. Ms. Bernstein further stated that she was noting the account as to his requests for no calls to his POE.

10. On October 23, 2007, Plaintiff HARRIS received a call to his POE telephone number from PCR at approximately 4:00 p.m. The call was placed by PCR using an automated dialing machine. Plaintiff HARRIS was not available to answer the call. Accordingly, the machine left a pre-recorded voicemail message instructing Plaintiff to return PCR's call.

11. After receiving this message, Plaintiff HARRIS contacted PCR. In addition to discussing his debt, Plaintiff HARRIS informed PCR that it was violating laws, rules, and standards for debt collection by contacting him at his POE after being notified that Plaintiff

HARRIS' POE did not permit such communications.  He asked that PCR cease contacting him at his POE.

12. Plaintiff HARRIS was transferred by the PCR representative to Brandy Gaston who identified herself as the Senior Collection Manager.  Plaintiff HARRIS informed Ms. Gaston of his previous request for PCR to cease contacting him at his POE and that such communication was prohibited by his employer and could result in disciplinary action against him up to and including termination. In addition, Plaintiff HARRIS informed Ms. Gaston that he was currently making monthly payments to PCR by postdated check and had not missed or been late on a payment.  Plaintiff HARRIS questioned why he would receive a telephone call from PCR.

13. PCR Senior Collection Manager Brandy Gaston asked Plaintiff HARRIS if he wished to discontinue his payments.  Ms. Gaston then stated that she would be calling his employer upon the conclusion of the call to confirm with Plaintiff HARRIS' employer if he was in fact in jeopardy of being terminated, to verify Plaintiff HARRIS' POE policy and to corroborate Plaintiff HARRIS' story.  Plaintiff HARRIS questioned why this would be necessary.  Ms. Gaston stated that it was a matter of PCR policy & procedure and was a matter of law.

14. Plaintiff HARRIS was transferred by PCR Senior Collection Manager Brandy Gaston to Lisa Schwartz who identified herself as the Collection Director.  Ms. Schwartz stated to Plaintiff HARRIS that calls to the POE and alternate telephone numbers are made on a monthly basis as a matter of PCR policy for the purpose of reminding debtors' of their pending postdated payments.

15. Plaintiff HARRIS pointed out that he received a monthly letter from PCR expressly for this purpose and in accordance with federal law.  Plaintiff HARRIS questioned why he would be contacted at a prohibited telephone number using the automated equipment, and requested that Ms. Schwartz review the account notes for a record of his previous request for no calls to be placed to his POE.  Ms. Schwartz confirmed to Plaintiff HARRIS that there was in fact a record in the account notes of his POE call restriction request.  Ms. Schwartz reiterated that Plaintiff HARRIS was contacted at his POE using the automated dialer machine as a matter of PCR policy, regardless of payment history and/or status.

16. The call placed to Plaintiff HARRIS' POE on October 23, 2007, was a willful and knowing violation of the FDCPA's restriction on calls placed to the consumer's place of employment.  Plaintiff HARRIS was damaged, *inter alia*, by the lost work time required to respond in a timely manner to PCR's automated dialer message to insure no further calls would be placed to his POE.  Pursuant to 15 U.S.C § 1692k, Plaintiff HARRIS is entitled to recover these damages, together with statutory damages up to $1,000.00, as well as the costs and fees herein.

17. PCR further violated the FDCPA's restrictions on harassment by threatening to make further calls to his POE and providing false and misleading statements regarding collection law.  Plaintiff HARRIS was damaged, *inter alia,* emotionally and mentally from the fear of losing his employment caused by PCR's calls and threatened calls.  Pursuant to 15 U.S.C § 1692k, Plaintiff HARRIS is entitled to recover these damages, together with statutory damages up to $1,000.00, as well as the costs and fees herein.

**Class Allegations**

18. Plaintiff HARRIS seeks to represent himself and a class of others that are similarly situated.

19. The CLASS consists of all persons who:

    a. Received a debt collection call placed by Defendant PCR to his/her place of employment after that person notified Defendant PCR that his/her empoyer did not permit personal telephone calls at his/her place of employment and/or that it was inconvenient for that him/her to receive Defendant PCR's telephone calls at his/her place of employment; and

    b. The debt collection call occurred within twelve (12) months of the filing of this Class Action Complaint ("CLASS PERIOD").

20. The individuals in the CLASS are so numerous that joinder of all members is impractical. Named Plaintiff HARRIS estimates that the CLASS numbers in at least tens of thousands, *inter alia*, because:

    a. Defendant PCR is a large national debt collection company, employing approximately 1,400 people. On information and belief, Defendant PCR collected hundreds of millions of debt during the CLASS PERIOD;

    b. A substantial portion of the debtors work at places of employment that prohibit personal telephone calls at the place of employment and/or work at places where it is inconvenient for them to receive Defendant PCR's telephone calls;

    c. A substantial portion of the debtors received a communication from Defendant PCR after notifying Defendant PCR that their employers did not allow personal

telephone calls at the place of employment and/or that is was inconvenient for them to receive Defendant PCR's telephone calls at the place of employment; and

21. There are questions of law and fact common to the claims of the CLASS. Among these common Questions are:

    a. Whether Defendant PCR has a policy and practice of contacting a debtor at his/her place of employment after being notified that the debtor's employer did not allow personal telephone calls at the place of employment and/or that it was inconvenient for him/her to receive Defendant PCR's telephone calls at his/her place of employment;

    b. The frequency and persistence of Defendant PCR's noncompliance with the FDCPA;

    c. Whether Defendant intentionally violated the FDCPA; and

    d. Whether Defendant PCR had proper procedures in place to prevent the telephone calls to a debtor's place of employment after being notified that his/her employer did not allow personal telephone calls at the place of employment and/or that it was inconvenient for him/her to receive Defendant PCR's telephone calls at his/her place of employment.

22. Plaintiff HARRIS' claims are typical of the claims of the CLASS.

23. Plaintiff HARRIS will fairly and adequately represent the interest of the CLASS. He has retained skilled counsel with experience in federal and class action litigation to represent the CLASS.

## COUNT I - Fair Debt Collection Practices Act

24. Plaintiff incorporates each and every paragraph of this Complaint as if fully set forth herein.

25. By all of the above, Defendant PCR violated the FDCPA's restriction of contacting a debtor at his/her place of employment after being notified that the debtor could not receive personal telephone calls at his/her place of employment.

## COUNT II – Fair Debt Collection Practices Act

26. Plaintiff incorporates each and every paragraph of this Complaint as if fully set forth herein.

27. By all of the above, Defendant PCR violated the FDCPA's restriction of using unfair and unconscionable practices while collecting, or attempt to collect, a debt.

## COUNT III - Fair Debt Collection Practices Act

28. Plaintiff incorporates each and every paragraph of this Complaint as if fully set forth herein.

29. By all of the above, Defendant PCR violated the FDCPA's restriction of contacting a debtor at his/her place of employment after being notified that it was inconvenient for the debtor to receive Defendant PCR's telephone calls at his/her place of employment.

## JURY DEMAND

1. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

2. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual and statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

b. The establishment of a common fund of the actual and punitive damages recovered;

c. The enjoinment of continued violations; and

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: */s/ Jeffrey S. Hyslip*
Jeffrey S. Hyslip
Sears Tower
233 South Wacker Drive
Suite 5150
Chicago, IL 60606
Tel: 866.339.1156
Fax: 312.822.1064
jsh@legalhelpers.com
*Attorney for Plaintiff*